IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Hamid Demmirio,<br>*also known as Hamid Wasim Demmirio,*<br>*#115800, formerly known as Edmond D.*<br>*Davis*,<br><br>       Petitioner,<br><br>vs.<br><br>J. McFadden, Warden,<br><br>       Respondent. | ) C/A No. 2:13-719-CMC-BHH<br>)<br>)<br>)<br>)<br>)<br>)<br>) **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>) |

Petitioner, Hamid Demmirio, also known as Hamid Wasim Demmirio ("Petitioner"), a self-represented state prisoner housed in the Lieber Correctional Institution ("Lieber CI") of the South Carolina Department of Corrections ("SCDC"), in Ridgeville, South Carolina, has filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC) for initial screening. Having reviewed the instant Petition and applicable law, the undersigned recommends that it be summarily dismissed, without prejudice.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of*

*Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v.*

*Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Petitioner, who was formerly known as Edmond D. Davis and who was convicted and sentenced under that name, filed the instant § 2254 habeas petition challenging his July 18, 1988 convictions and sentences of life imprisonment and 25 years, consecutive, after Petitioner pleaded guilty to murder and armed robbery in Richland County General Sessions Court, in 1987-GS-40-3393 and 1987-GS-40-3394. Petitioner alleges ineffective assistance of plea counsel, stating "both attorneys informed me that I'll be receiving a flat thirty ([3]0) year life term and nothing else." Petition, ECF No. 1, p. 1. Petitioner alleges that he did not file a direct appeal, stating "counsel did not file a direct appeal nor did the petitioner knowingly, understandingly, intelligently waive my right to a direct appeal." *Id.*, p. 6. Petitioner alleges, as a third ground, "subject matter jurisdiction is lacking because of invalid indictment." *Id.*, p. 8.

Petitioner alleges that he filed an application for post-conviction relief ("PCR") on November 3, 2003, in Richland County General [sic] Sessions Court, in C/A No. 2003-CP-40-5340, which was dismissed and denied without a hearing, on May 13, 2006. Petitioner alleges that he filed second and third PCR applications: C/A No. 2007-CP-40-7566, filed on November 7, 2007 and dismissed on July 10, 2008; and C/A No. 2009-CP-40-2685, filed on April 14, 2009 and dismissed on November 10, 2010. Petitioner alleges that, in all three PCR actions, he raised the following grounds: ineffective assistance of counsel; trial judge lacked subject matter jurisdiction; trial judge failed to adhere[] to SC Code 16-3-20(b);

3

newly discovered evidence; belated appeal; counsel never informed me of my appeals right, and . . . I didn't know of such." Petition, ECF No. 1, p. 2-3. Petitioner further alleges that he "took an *Alford* plea and did not know I could appeal; counsels never informed me that I could," and that he "tried every avenue to get the state highest court to entertain my appeals but I was defeated at every avenue." *Id.*, p. 5.

Petitioner attaches to his Petition numerous copies of correspondence and orders from his three PCR actions. Petitioner's first PCR application, in 2003-CP-40-5340, was dismissed with prejudice as untimely. *See* ECF No. 1-1, p. 13-14. Petitioner's second PCR application, in 2007-CP-40-7566, was dismissed with prejudice as untimely and successive. *See* ECF No. 1-1, p. 40-42. Petitioner's third PCR application, in 2009-CP-40-2685, was summarily dismissed as untimely and successive. *See* ECF No. 1-1, p. 35-37, 54-62.

In C/A No. 03-CP-40-5340, the PCR court found that Petitioner failed to comply with the filing procedures of South Carolina's Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-10 to 160, which, similar to the AEDPA, requires a PCR application to "be filed within one year after the entry of judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later." S.C. Code Ann. § 17-27-45(a). The PCR court found that Petitioner's PCR application, filed approximately fourteen (14) years after he was convicted and over ten (10) years beyond the expiration of South Carolina's statutory filing period for PCR actions, was barred by the doctrine of laches, because Petitioner had given no reason or explanation for his delay, and the delay had affected the availability of evidence to refute the claims in the PCR application. Specifically, the PCR court found:

4

> The Applicant's delay has greatly prejudiced the Respondent. A transcript of the Applicant's guilty plea is now unavailable. If the Applicant had sought post-conviction relief within a reasonable time after his plea, neither of these problems would exist. Therefore, the Court should summarily dismiss the Application, based on the Applicant's lack of diligence in processing his claim for relief.

Conditional Order of Dismissal, *Demmirio v. State of South Carolina*, C/A No. 03-CP-40-5340 (Richland County Court of Common Pleas, Jan. 26, 2006), ECF No. 1-1, p. 10. A final order of dismissal was entered by the PCR court on May 13, 2006. *See* ECF No. 1-1, p. 13-14.

In Petitioner's second PCR action, filed in November 2007, the state court found his application to be successive and untimely and dismissed it, noting that Petitioner had shown no valid reason for the delay, nor why the allegations could not have been raised in Petitioner's previous PCR action. Specifically, the second PCR court rejected Petitioner's argument that "he should be permitted to appeal the dismissal of his first post-conviction relief application . . . because he filed both of his PCR applications *pro se*, he never received the benefit of an attorney's advice and was not advised of his right to appeal or of the statute of limitations for an appeal," and noted that "[d]ue to the Applicant's eighteen year delay in filing his application for post-conviction relief from the date of his conviction, no copy of his guilty plea transcript exists to determine whether such allegation is valid." Final Order of Dismissal, *Demmirio v. State of South Carolina*, C/A No. 2007-CP-40-7566 (Richland County Court of Common Pleas, July 10, 2008), ECF No. 1-1, p. 40-42.

In Petitioner's third PCR action, filed in April 2009, the state court once again found his application to be successive and untimely and dismissed it, noting again that Petitioner had shown no valid reason for the delay, nor why the allegations could not have been

raised in Petitioner's previous PCR action. Specifically, the third PCR court rejected Petitioner's argument that any "newly discovered evidence" met any of the requirements for after-discovered evidence. The court found that "the 'new' evidence, instead, [wa]s his allegation that he was not aware he could appeal his conviction until 2009," determined that Petitioner had "failed to present any reason he is entitled to a hearing based on Newly Discovered Evidence," and "denied and dismissed" the application. Conditional Order of Dismissal, *Demmirio v. State of South Carolina*, C/A No. 2009-CP-40-2685 (Richland County Court of Common Pleas, Sept. 1, 2010), ECF No. 1-1, p. 44-52. Petitioner did not submit a copy of the third PCR court's final order of dismissal, instead he attached two copies of the conditional order of dismissal to the instant § 2254 Petition. Petitioner also alleges that he filed a state court habeas action and attached a copy of the Supreme Court of South Carolina's denial of his petition for writ of habeas corpus, dated April 3, 2012. *See* ECF No. 1-1, p. 22.

As to the issue of the timeliness of the instant § 2254 Petition filed in this Court, and the existence of any reason that the one-year statute of limitations in 28 U.S.C. § 2244(d) should not bar this action, Petitioner did not respond to the question on the Form AO 241 which he filed. *See* Petition, Question 18, ECF No. 1, p. 13.[1] The AEDPA became law on

---

[1] The question ends with a footnote that contains the relevant part of 28 U.S.C. § 2244(d), as follows:

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

April 24, 1996. Petitioner's conviction became final prior to the enactment of the AEDPA, so Petitioner had until April 24, 1997, one year from the enactment date of the AEDPA, to file his § 2254 habeas petition in this Court. *See Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998) (petitioner whose conviction became final prior to the enactment of the AEDPA shall have one year from the date of enactment to file a habeas petition). The instant § 2254 habeas petition was filed nearly sixteen (16) years after the April 24, 1997 deadline.

The United States Supreme Court has acknowledged that district courts are "permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (carving out habeas corpus petitions and *in forma pauperis* complaints as narrow circumstances to permit *sua sponte* consideration of statute of limitations when defense is clear on face of petition or complaint). The *Day* Court further instructs that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. Similarly, the

---

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Fourth Circuit Court of Appeals has mandated caution in *sua sponte* dismissals of untimely petitions under the AEDPA:

> [W]hen a federal habeas court, acting *sua sponte*, dismisses a § 2254 action as untimely without notice to or input from the petitioner, the court cannot be certain that there are no circumstances that would cause the petition to be [*6] timely. The district court ought at least to inquire whether there are any facts not apparent to the court that militate against the application of the limitations bar.

*McMillan v. Jarvis*, 332 F3d 244, 249 (4th Cir. 2003); *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002).

As noted above, in the instant Petition, Petitioner made no equitable tolling argument at all. He simply failed to respond to the timeliness question on his Form AO 241. Accordingly, by Order dated March 25, 2013, ECF No. 6, the undersigned advised Petitioner that the Court was considering dismissal of the instant Petition based on the one-year statute of limitations and, unless Petitioner provided facts concerning the issue of timeliness of his Petition that would militate against dismissal based on the limitations bar, this case would be dismissed. Petitioner was given twenty (20) days to file a factual explanation to show cause why his Petition should not be dismissed based on the application of the one-year limitation period established by 28 U.S.C. § 2244(d).

On April 19, 2013, Petitioner filed his "Explanation for Timeliness of Petition," ECF No. 11. , alleging, among other claims:

> I, Petitioner, was never afforded adequate direct or collateral review in state courts. I, Petitioner, was denied equal protection and due process contrary to state procedures affording indigent defendants a transcript for appeal; South Carolina Appellate Court Rules Rule 602(g)(3) and state procedures for providing indigent defendants a transcript for PCR S.C. Code 17-27-60. This action is being brought to this honorable court by state prisoner for an injunction and declaratory relief regarding my right to a criminal and PCR trial transcript to assist in preparation of PCR motion.

> Consequently, at all stages of the proceedings and the due process and equal protection clauses protect persons like Petitioner from invidious discriminations. Denying me adequate appellate review or adequate post-conviction relief will be grossly denying a mans life, liberty, and/or property because of unjust convictions which appellate court would set aside.
>
> Not having a record, transcript of the guilty plea, or post-conviction hearing, notes of any sort from any party or courts would be impossible to render a fair and unbiased ruling. Moreover, any ruling by the state courts present decisions that are clouded, weak, unfounded, and unsupportive just like Justice John Marshall Harlan said in his dissenting opinion in *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585. "Failure to furnish free transcripts to indigents in all criminal cases is 'shocking to the universal sense of justice.'"
>
> I have enclosed several documents showing that I've diligently trying to obtain documents from the enclosed parties for months and years to reconstruct my case, but every avenue have been to no avail. For the reasons listed herein, I, Petitioner, ask this honorable court to please entertain this petition and remand this case for an evidentiary hearing and/or reconstruction of record considering the uniqueness in this case at bar. The court should hold Petitioner's application warrants a hearing despite its successiveness.

Response to Order to Show Cause, ECF No. 11, p. 1-3.

## DISCUSSION

The United States Supreme Court has held that the AEDPA's one-year limitations period is subject to equitable tolling. *Holland v. Florida*, _ U.S. _, 130 S.Ct. 2549 (2010). Generally, a petitioner seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), cert. denied, 516 U.S. 832 (2004); *see also*

*United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting the same). Moreover, as the Fourth Circuit stated in *Harris v. Hutchinson*:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

209 F.3d 325, 330 (4th Cir. 2000). For example, courts have held that "unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling." *Burns v. Beck*, 349 F. Supp. 2d 971, 974 (M.D. N.C. 2004) (citing *Harris*, 209 F.3d at 330-32). "Likewise, mistake of counsel does not serve as a ground for equitable tolling . . . Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling." *Id.*; *see also Sosa*, 364 F.3d 507 (noting that ignorance of the law is not a basis for equitable tolling); *Jones v. South Carolina*, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original) (unpublished)[2]; *Jenkins v. Johnson*, 2009 WL 1923938, *4 (E.D. Va. June 29, 2009) ("[D]elays due to seeking legal advice and related allegations of inadequate prison

---

[2] As noted in *Jones*, an example of "extraordinary circumstance" was found to exist by the Ninth Circuit Court of Appeals in *Miles v. Prunty*, 187 F.3d 1104 (9th Cir. 1999), where an inmate had relied on prison officials to issue a check and mail his section 2254 petition to the district court. *Jones*, 2006 WL 1876543, *3, n. 5.

law libraries have consistently been held not to constitute the 'extraordinary circumstances' to warrant the application of equitable tolling.") (citations omitted) (unpublished).

Petitioner is not entitled to equitable tolling of the statute of limitations because he has not presented facts showing "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). It appears on the face of the instant Petition, through Petitioner's own factual allegations and the records of Petitioner's three previous state court PCR actions which Petitioner attached to his Petition,[3] that there are no extraordinary circumstances here. The transcript of Petitioner's guilty pleas on July 18, 1988 is simply unavailable now, as it was at the time Petitioner filed his first PCR action on November 3, 2003, because Petitioner waited, without justification, for approximately fifteen (15) years after he was convicted, and more than seven (7) years after the expiration of South Carolina's statutory filing period for his PCR action, before filing his first PCR application.

Now, almost twenty-five (25) years after his state court convictions and sentences were imposed, and almost seventeen (17) years after the expiration of the AEDPA's one-year period of limitations for filing a § 2254 habeas petition in his case, Petitioner has filed his first § 2254 habeas petition. Petitioner's response to this Court's show cause order demonstrates that the unavailability of Petitioner's transcript was then, and is now, due to Petitioner's own conduct in delaying his pursuit of post-conviction relief, long beyond the applicable statutes of limitations. South Carolina's Defense of Indigents Act, Uniform Post-

---

[3] *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

11

Conviction Procedure Act, and Rules of Appellate Practice provide mechanisms for affording indigent defendants transcripts for state court appeals and PCRs. However, when applicants and petitioners wait until years after the applicable periods of limitations have expired to bring such actions, they run the risk that records and witnesses will no longer be available and that the doctrine of laches will bar their attempts to collaterally attack their state court judgements of conviction. *See McElrath v. State*, 276 S.C. 282, 283, 277 S.E.2d 890, 891 (1981).

Here, Petitioner alleges no extraordinary circumstances beyond his own control or external to his own conduct that prevented him from filing on time, and the undersigned finds that Petitioner's habeas corpus petition should be barred by the AEDPA's one-year statute of limitations.

## RECOMMENDATION

Accordingly, it is recommended that the instant Petition be dismissed without prejudice and without requiring Respondent to file a return. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent).

Petitioner's attention is directed to the important notice on the next page.

May 9, 2013                                                    s/Bruce Howe Hendricks
Charleston, South Carolina                         United States Magistrate Judge

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).